## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

VIRGINIA PARK COMMUNITY
COALITION,

and

JOYCE MOORE,

and

CITIZENS OF THE CITY OF DETROIT,
              Plaintiffs,

      v.

Case No. 14-14775
HON. TERRENCE G. BERG
HON. MONA K. MAJZOUB

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,

and

CITY OF DETROIT MAYOR MIKE
DUGGAN,
              Defendants.

_____/

## OPINION AND ORDER DIMISSING PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)(B) (Dkt. 1)

Plaintiff Joyce Moore, proceeding *pro se*, filed this instant lawsuit along with an application to proceed *in forma pauperis* filed on December 17, 2014, (Dkt. 1; Dkt. 2). For the reasons that follow, Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and her complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.  Plaintiff's Application to Proceed *In Forma Pauperis*

Plaintiff has filed an application to proceed *in forma pauperis*, or without the prepayment of fees.  28 U.S.C. § 1915 (a)(1) provides that:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding...without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets... [and] that the person is unable to pay such fees or give security therefor.

If an application to proceed *in forma pauperis* is filed along with a facially sufficient affidavit, the court should permit the complaint to be filed.  *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990).  Once the complaint has been filed, it is then tested to determine whether it is frivolous or if it fails to state a claim upon which relief can be granted.  *See id.* at 261.  The Court finds Plaintiff's financial affidavit to be facially sufficient; therefore, the Court will **GRANT** Plaintiff's motion to proceed *in forma pauperis*.

## II. Dismissal under 28 U.S.C. § 1915(e)(2)(B)

The Supreme Court has recognized that Congress, in enacting the federal *in forma pauperis* statute, "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because... poverty makes it impossible... to pay or secure the costs of litigation."  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85, 93 L.Ed. 43 (1948)).  At the same time, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the

2

public, unlike a paying litigant, lacks an economic incentive to refrain from filing
frivolous, malicious, or repetitive lawsuits.'" *Denton*, 504 U.S. at 31 (quoting
*Neitzke v. Wiliams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).
Responding to this concern, Congress provided § 1915(e)(2) which establishes that a
court "shall dismiss the case" if the court finds that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>     (i)    is frivolous or malicious;
>     (ii)   fails to state a claim on which relief may be granted; or
>     (iii)  seeks monetary relief against a defendant who is
>            immune from such relief.

When a plaintiff proceeds without the assistance of counsel, a court is
required to liberally construe documents and hold them to a less stringent standard
than similar pleadings drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519,
520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  Nevertheless, a complaint must contain
more than legal labels, conclusions, and a recitation of the elements of a cause of
action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167
L.Ed.2d 929 (2007).  Rather, a complaint must contain "enough facts to state a
claim to relief that is plausible on its face." *Id.* at 570.

Here, Plaintiff fails to state a claim on which relief can be granted because
the Court does not have subject matter jurisdiction over her claim.  A federal court's
jurisdiction is limited to those subject matters that arise either from a federal
question of law, that is, an issue arising under the Constitution or a federal statute

("federal question" jurisdiction), or from a dispute between two parties from different states of the Union ("diversity of citizenship" jurisdiction).

For a court to have federal question jurisdiction, the action must arise under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff cites 42 U.S.C. § 5301, a provision of the Housing and Community Development Act of 1974 ("HCDA") to argue that the City of Detroit's proposed changes to the grant program violate federal law. Section 5301 details the purposes of the Housing and Community Development Act, an act aimed to deal with "critical social, economic, and environmental problems facing the Nation's urban communities." 42 U.S.C. § 5301(a). While this section lays out the general purposes of the act, it contains no provision authorizing a private cause of action to ensure enforcement of the act. In other words, the law does not allow private individuals to bring a law suit to enforce its provisions.[1] *See Latinos Unidos De Chelsea En Accion (Lucha) v. Sec'y of Hous. & Urban Dev.*, 799 F.2d 774, 795 (1st Cir. 1986); *see also King v. Town of Hempstead*, 161 F.3d 112, 114-15 (2nd Cir. 1998) ("Most of the language of § 5301(c) merely sets forth general goals for the programs funded by HCDA, including housing code enforcement. As such, it does not create…a federal right enforceable by a § 1983 suit.") In the absence of any statutory authority creating a private cause of action to enforce the statute, Plaintiff's claim does not present a federal question.

---

[1] The Ninth Circuit has held that Section 5304(k) creates a private cause of action for persons permanently displaced as a result of a grantee's use of HCDA funds. *See Price v. City of Stockton*, 390 F.3d 1105, 1114 (9th Cir. 2004). However, this section is inapplicable here.

Further, Plaintiff has no alternative basis for subject matter jurisdiction because there is no diversity of citizenship.  For diversity jurisdiction, there must be diversity of citizenship between the parties and the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332.  Diversity of citizenship requires "complete diversity," that is, that all defendants be from a different state than all plaintiffs. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship. ).  Plaintiff is suing HUD and the City of Detroit.  Like Plaintiff, the City of Detroit is a Michigan resident.  Since Plaintiff and the City of Detroit are both Michigan residents, the suit does not meet the requirement of complete diversity.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

Because there is no federal question jurisdiction and there is no complete diversity of citizenship, the court lacks subject matter jurisdiction over this complaint, and it must be dismissed.[2]

For the foregoing reasons, Plaintiff's request to proceed *in forma pauperis* is **GRANTED** and her complaint is **DISMISSED** pursuant to § 28 U.S.C. § 1915(e)(2)(B).

    **SO ORDERED.**

Dated:  January 30, 2015           s/Terrence G. Berg
                                    TERRENCE G. BERG
                                    UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on January 30, 2015, using the CM/ECF system, which will send notification to all parties, and sent to unrepresented parties via postal mail.

                                    s/A. Chubb
                                    Case Manager

---

[2] In addition to the lack of subject matter jurisdiction, Plaintiff's complaint is not yet ripe to be adjudicated.  The Constitution limits the judicial power of the federal courts to real cases or controversies.  *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008).  A real case or controversy must be ripe, that is fit for judicial adjudication.  *See id.* at 525-26.  Here, HUD has not yet approved Detroit's proposed changes to the plan.  The Secretary of HUD must approve grants to local governments.  42 U.S.C. § 5304(c).  Since HUD has yet to approve the proposed plan, the dispute is not ripe for adjudication.